## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

LARRY WAYNE WEATHERS                                    PETITIONER

v.                                    CIVIL ACTION NO. 3:06-CV-P607-S

SUPREME COURT OF APPEALS                                 RESPONDENT

### MEMORANDUM OPINION

Petitioner filed a *pro se*, *in forma pauperis* petition for writ of mandamus involving a

state court motion for discretionary review under Kentucky Rule of Civil Procedure 76.20

(DN 1).  He alleges that the courts have 30 days to respond to a prisoner's *pro se* motion so as to

allow time for appeal to federal court if the motion is denied.  He alleges that he mailed a motion

to all parties involved on October 18, 2006, without any reply from the Supreme Court of

Kentucky; that the issues in the motion involve federal constitutional and Kentucky law; and that

the Constitution guarantees prisoners the right to meaningful access to the courts.  He states that

this Court has jurisdiction in this matter and moves for a writ of mandamus in case number 2005-

CA-000446 to allow time for federal review in the event the motion is denied.  The named

Respondent in this action is the "Supreme Court of Appeals."

Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any

action in the nature of mandamus to compel an officer or employee of the United States or any

agency thereof to perform a duty owed to the plaintiff."  Petitioner, however, does not ask this

Court to compel any officer, employee, or agency of the *United States* to perform any duty owed

him.  Rather, he asks the Court to compel a *state* court to act, and "federal courts have no

authority to issue writs of mandamus to direct state courts or their judicial officers in the

performance of their duties."  *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).

Therefore, by separate order, the request for mandamus relief will be denied, and this action will be dismissed for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

It is unclear whether, in assertting in his petition for writ of mandamus that prisoners have a right to meaningful access to the courts, Petitioner wishes to bring some type of civil-rights action in this Court. Should Petitioner wish to file such an action, he must use a court-supplied form. The Clerk of Court is therefore directed to send Petitioner a general complaint form, as well as the forms used for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and for filing a civil-rights action pursuant to 42 U.S.C. § 1983.

Date:

cc:      Petitioner, *pro se*

4411.009

2